UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JACK VANDENBOUT and
ISIDORA VANDENBOUT

      Plaintiffs,

      v.                                                                  Civ. No. 20-726 JAP/KRS

STATE FARM FIRE AND CASUALTY
COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On July 21, 2020, Defendant filed a NOTICE OF REMOVAL (Doc. 1) ("Notice") asserting jurisdiction under 28 U.S.C. § 1332(a). On August 6, 2020, Plaintiffs filed a MOTION TO REMAND (Doc. 7) ("Motion") arguing that the amount in controversy does not exceed the jurisdictional threshold required for diversity jurisdiction.[1] The Court will grant the Plaintiffs' Motion and remand the case to the Fifth Judicial District Court, Chaves County, State of New Mexico. Because the Court concludes that it lacks subject matter jurisdiction over this case, it will not address Defendant's MOTION TO DISMISS (Doc. 3).

### I.     BACKGROUND

On June 2, 2020, Plaintiffs filed this suit in New Mexico's Fifth Judicial District Court, Chaves County, seeking damages under a homeowner's insurance policy ("Policy") for breach of contract, unfair insurance claims practices, bad faith, and negligence. *See* Notice, Ex. A ¶¶ 21–51

---

[1] The Motion is fully briefed. *See* RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND, (Doc. 9) ("Response"); REPLY TO MOTION TO REMAND, (Doc. 11) ("Reply").

("Complaint").[2] Plaintiffs allege that Defendant, the insurance company that issued the Policy, failed to adequately cover property damage caused by a hailstorm. *Id.* ¶¶ 12–15. Specifically, Plaintiffs assert that Defendant limited coverage under the Policy to $2,636.65, despite an independent loss inspection that valued the property damage at $20,172.63. *Id.* ¶ 12.

On July 21, 2020, Defendant filed the Notice[3] arguing that "Plaintiffs do not cap their damages in any way" nor make "any stipulation that they are not seeking individual damages in excess of the $75,000 jurisdictional amount." Notice ¶ 21. The Notice further explains that an "examination of Plaintiffs' claims establishe[s] that Plaintiffs have put far more than $75,000 in controversy." *Id.* Defendant highlights Plaintiffs' claims for "violations of the New Mexico Unfair Insurance Claims Practices Act, NMSA 1978 § 59A-16-20, warranting 'compensatory damages, incidental damages, and consequential damages,'" as well as "'an award of attorney's fees and costs under the statute.'" *Id.* ¶ 23 (quoting Compl. ¶¶ 31–32). In addition, Defendant notes that "Plaintiffs allege 'Bad Faith,' warranting 'compensatory damages, incidental damages, and consequential damages." *Id.* ¶ 24 (quoting Compl. ¶ 46). Lastly, independently from these claims, Defendant argues that this Court could award "reasonable attorney's fees and costs pursuant to NMSA 1978, § 39-2-1.'" *Id.* (quoting Compl. ¶ 47).

## II.     LEGAL STANDARD

A defendant may remove a civil action to the appropriate federal district court "embracing the place where such action is pending" if the requirements for original jurisdiction are met. *See* 28 U.S.C. § 1441. For removal based on diversity jurisdiction, a defendant must first demonstrate

---

[2] In accordance with the New Mexico Rules of Civil Procedure, Plaintiffs do not allege a specific monetary amount for damages in the Complaint. *See* Rule 1-008(A)(3) NMRA ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.")

[3] Plaintiffs served Defendant with the Complaint on June 23, 2020, and Defendant filed the Notice within thirty days, as required by 28 U.S.C. § 1446(b)(1). *See* Notice ¶¶ 7-8.

complete diversity of citizenship between the adverse parties and show that the amount in controversy exceeds $75,000. *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). The notice of removal must contain "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), and "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 89 (2014). But, if a plaintiff contests the notice, the defendant must then establish by a "preponderance of evidence" that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

A defendant can meet this burden by affirmatively establishing "jurisdictional *facts* that make it *possible* that $75,000 [is] in play." *Id.* at 955 (emphasis in original). Jurisdictional evidence may include "contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees and experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* at 954 (brackets in original) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-542 (7th Cir. 2006)).

However, the removal statutes are construed narrowly. *Martin v. Franklin Capital Corp.*, 251 F.3d.1284, 1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). There is a "strong presumption" that the plaintiff has not claimed an amount in controversy sufficient to "confer jurisdiction on a federal court." *Id.* at 1289 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 375 (9th Cir. 1997)). Consequently, courts resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

### III. ANALYSIS[4]

#### A. Parties' Arguments

Plaintiffs attack on the Notice is as follows: "Defendant [has] failed to affirmatively establish the current amount in controversy exceeds $75,000.00." Mot. at 5. Specifically, Plaintiffs argue that the amount in controversy does not exceed $17,535.98, which is the difference between the amount Defendant paid under the Policy ($2,636.35) and the independent valuation conducted on Plaintiffs' behalf ($20,172.63). *Id.* Plaintiffs emphasize that Defendant fails to provide an estimate or calculation of how damages exceed $17,535.98, let alone surpass the jurisdictional minimum. *Id.* at 6.

In Response, Defendant argues that Plaintiffs admitted in email correspondence that the amount in controversy exceeds $75,000. Resp. at 4. Defendant also maintains that the Complaint itself, which includes extra-contractual claims and a request for attorney's fees, nudges the amount in controversy past $75,000. *Id.* at 6. In support of this proposition, Defendant offers an affidavit, executed by Terry R. Guebert, lead counsel for Defendant. *Id.*

#### B. Defendant fails to establish that the amount in controversy exceeds $75,000.

Defendant first relies on email correspondence to establish that an amount greater than $75,000 is in play. Defendant claims that Plaintiffs admit that damages exceed $75,000. Resp. at 4-5. Defendant offers the following correspondence from Plaintiffs:

> We believe removal of the case was premature. Should the circumstances in the case change such that additional damages are discovered, we believe that would be the appropriate time to request removal, if necessary.

*Id.* at 4. Unfortunately, Defendant's reliance on this email is insufficient to meet the burden of proving the requisite jurisdictional amount exists at this time. While proper jurisdictional evidence

---

[4] Neither Defendant nor Plaintiffs dispute diversity of citizenship.

4

does include "documents that demonstrate [a] plaintiff's own estimation of its claim[,]" *McPhail*, 529 F.3d at 956, the email fails to show that Plaintiffs admit that the amount in controversy exceeds $75,000.

To illustrate, in *McPhail*, the court reviewed correspondence between counsel regarding the value of the claim for general settlement discussions. *Id.* at 956–957. There, the plaintiff's attorney stated in a letter that it "may very well be true" that the amount in controversy would exceed $75,000. *Id.* at 957. The Court held that this *admission*, in tandem with other evidence, satisfied the jurisdictional requirement for removal. *Id.* Here, Plaintiffs do not concede that the amount in controversy may exceed $75,000. Rather, Plaintiffs insist in the same email that "removal of the case was premature" and that "the amount at issue is only $17,535.98." *See* Resp., Ex. A. Furthermore, Plaintiffs simply state that the amount in controversy *could exceed* $75,000 *if circumstances change—i.e., "if additional damages are discovered." Id*. Defendant fails to demonstrate how this statement amounts to an admission that the *current* amount in controversy exceeds $75,000.

Defendant next argues that the Complaint, which requests extra-contractual damages and attorney's fees, grants this Court subject matter jurisdiction. Defendant asserts that "it need only show that the damages are 'at issue – that is, that such damages *could* be awarded.'" Resp. at 4 (quoting *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (unpublished)). Defendant's reliance on *McDaniel* is misplaced. Not only is *McDaniel* non-binding authority that analyzes the Class Action Fairness Act, that case is inapposite because the defendant had proffered an estimated calculation of the total amount in controversy. *Id.* at 731-732. There, the defendant based the calculation on statutory limits for the compensatory damages at issue. *Id.*

5

Indeed, courts typically rely on actual estimates of damages alleged in the complaint to establish the amount in controversy by a preponderance of the evidence. *McPhail*, 529 F.3d at 956. ("[T]he defendant may rely on an *estimate* of the potential damages from the allegations in the complaint.") (emphasis added); *see*, *e.g.*, *Swiech v. Fred Loya Insurance Co.*, 264 F.Supp.3d 1113, 1135 (D.N.M. 2017) (unpublished) (holding that a request for punitive damages and attorney's fees, without contrary evidence to undermine plaintiff's demand for $50,000, did not prove that the amount in controversy exceeded $75,000); *Ayala v. American Family Mut. Ins. Co.*, 20 No. CIV.A. 08-CV-01930 PA, 2009 WL 185596, at *2 (D. Colo. 2009) (unpublished) (holding that defendants did not establish jurisdiction through plaintiffs' claims for treble damages and attorney fees because they made "no attempt to estimate an amount of such fees.")  Here, Defendant does not provide an estimate or calculation of damages under the statutes that correspond to the claims asserted by Plaintiffs.

Rather, Defendant offers an affidavit from lead counsel, which asserts that the amount in controversy meets the jurisdictional threshold for two reasons: (1) In lead counsel's "experience in litigating bad faith claims such as the claims alleged by the Plaintiff, that if the Plaintiff's claims are accepted by a jury, the costs, compensatory damages, statutory damages, and attorney's fees award combined will be in excess of $75,000.00"; and (2) "At the time of loss[], the policy provided $293,963.00 in coverage." Resp., Ex. C. ¶¶ 5-6 (affidavit executed by Terry R. Guebert). Although the Court may consider "affidavits from the defendant's employees or experts, about *how much it would cost* to satisfy the plaintiff's demands," *McPhail*, 529 F.3d at 954 (emphasis added), a defendant must establish "jurisdictional *facts* that [make] it *possible* that $75,000 is in play." *Id.* at 955 (emphasis in original). Here, the affidavit fails to explain how Plaintiffs' claims will push the amount in controversy over $75,000. Defense counsel simply refers to his experience

6

but does not provide an estimate of potential damages related to Plaintiffs' claims. *See Los Vigiles Land Grant v. Rebar Haygood Ranch, LLC*, No. CV 10-411 JP/WDS, 2010 WL 11619145, at *2 (D.N.M. 2010) (unpublished) (an affidavit that failed to explain "why or how" the value of a property would be reduced by more than $75,000 did not satisfy the preponderance of evidence standard for removal). Furthermore, simply asserting that a policy limit exceeds $75,000, without more, is insufficient. *See Salazar v. Geico Ins. Co.*, No. CIV 10-0118 JB/RLP, 2010 WL 2292930, at *9 (D.N.M. 2010) (unpublished) (holding that defendant "met its burden of proving by a preponderance of the evidence *facts that support* that the Plaintiffs' claim may reach the upper limit of their uninsured/under-insured motorists-policy benefits." (emphasis added)). To be sure, the Complaint and subsequent correspondence reaffirm that the Plaintiffs are not requesting more than $17,535.98, even though their policy limit exceeds $75,000. Consequently, the affidavit fails to set forth the jurisdictional facts that would make it possible for the Plaintiffs' damages to exceed $75,000.

Finally, Defendant attempts to establish diversity jurisdiction by stating that the attorney's fees alone could satisfy the amount in controversy requirement. Defendant supports this proposition with citations to several cases where a court awarded fees greater than the jurisdictional limit.[5] In order to satisfy its burden of proof, Defendant must provide a reasonable estimate of attorney's fees. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("When a statute permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.") Defendant does not offer an estimate of how much Plaintiffs would be awarded in attorney's fees.

---

[5] The cases cited are inapposite here because they do not deal with remand or the issue of amount in controversy. *See Vining ex rel. Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206 (10th Cir. 1998); *Markham v. Nat'l States Ins. Co.*, 122 F. App'x 392 (10th Cir. 2004) (unpublished); *O'Neel v. USAA Ins. Co.*, 41 P.3d 356 (N.M. Ct. App. 2002)

## IV. CONCLUSION

**IT IS ORDERED THAT** Plaintiffs' MOTION TO REMAND (Doc. 7) is GRANTED and this case and Plaintiffs' claims against Defendant State Farm Fire and Casualty Company are remanded to the Fifth Judicial District Court, Chaves County, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE